**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DEMETRIOUS BROWN,**

    Plaintiff,

vs.                                                               Case No. 4:17cv221-WS/CAS

**CAPTAIN JOHN D. MILLS, JR.,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

On May 15, 2017, the pro se Plaintiff initiated this case in this Court by filing a motion seeking leave to proceed in forma pauperis, ECF No. 2, and a civil rights complaint, ECF No. 1. The complaint reveals that Plaintiff is confined in the Suwannee County Jail in Live Oak, Florida. ECF No. 1 at 2. The only named Defendant is also located at that Jail. *Id.* The claims necessarily involved events which took place in the jail. Therefore, because the events at issue in this case and all parties are located in Live Oak, Florida, which is in Suwannee County, the proper forum for this action

pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.").

**RECOMMENDATION**

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this action be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 27, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case # 4:17cv221-WS/CAS

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case # 4:17cv221-WS/CAS